IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE LENZ, DECEASED,
BY THE PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE, KRISTINE JENSEN

      Plaintiff,

  vs.                                                     No. 1:22-cv-00170-WJ-JFR
PACIFICA ROSEMONT LLC, d/b/a
PACIFICA SENIOR LIVING SANTA FE,
PACIFICA COMPANIES, LLC,
PACIFICA SENIOR LIVING, LLC,
PACIFICA SENIOR LIVING MANAGEMENT LLC,
DEEPAK ISRANI, President and CEO, and
CARLA ARAGON, RN Executive Director,
Defendants.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
and
GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
ASSOCIATED WITH WRONGFUL REMOVAL</u>**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand and for Attorney Fees for Wrongful Removal, filed on March 10, 2022 **(Doc. 9)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is well-taken and is therefore granted on both bases for relief.

### BACKGROUND

This case is a wrongful death suit arising from an incident that occurred in an assisted living facility. On February 24, 2020, Joyce Lenz died as a result of blunt force trauma she sustained in a fall. Ms. Lenz had been a resident of Pacifica Senior Living Santa Fe, an assisted living facility located in Santa Fe, New Mexico, from December 28, 2017 to February 22, 2020. A resident of the facility frequently initiated disputes with Ms. Lenz, and it was during one of

these disputes that Ms. Lenz suffered the fatal fall. Ms. Lenz's death was later ruled a homicide. Ms. Lenz' daughter Kristine Jensen is her personal representative and Plaintiff in this case. *See* Doc. 9 at 5.

The case has a relevant procedural history in that this is the second federal lawsuit based on the same set of facts.

## I. First Federal Lawsuit

On September 28, 2021, Plaintiff Kristine Jensen, in her capacity as Personal Representative of the Wrongful Death Estate of Ms. Lenz, filed suit in New Mexico's First Judicial District Court asserting wrongful death, negligence, negligent or intentional misrepresentation, violation of the New Mexico Unfair Trade Practices Act, and punitive damages against Defendants, Pacifica Senior Living Santa Fe, its President, and associated entities. Defendants timely removed that case from state court on the basis of diversity jurisdiction on December 13, 2021. Doc. 30 at 1-2. The case was assigned to United States District Judge Kea W. Riggs, 21cv01182 KWR-SMV.

Plaintiff sought to remand that case or in the alternative, to amend the complaint to amend the complaint to add a non-diverse party. *Id.* Judge Riggs denied the motion, finding that Defendant Pacifica Rosemont is a citizen of California and so the parties were diverse. The Court also denied Plaintiff's request to add Ms. Aragon as a party under Rule 19 and Rule 15, finding that Ms. Aragon's identity was not a recent discovery and that Plaintiff could have included her as a party in the original complaint had appropriate and timely inquiries been made. 21cv01182 KWR-SMV, Doc. 20 at 11-13.

## II. Second Federal Lawsuit

On March 3, 2022, following Judge Riggs' denial of Plaintiff's motion, Plaintiff filed the same claims again in New Mexico's First Judicial District Court against Defendants and the one additional, non-diverse party. Plaintiff then moved to voluntarily dismiss the first federal lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) in order to proceed solely with the state court case. On April 14, 2022, Judge Riggs granted the motion, but ordered Plaintiff to pay reasonable fees and costs involved in the removal.

On March 7, 2022, Defendants filed a notice of removal and removed the action to federal court, which is before the undersigned. Plaintiff contends that the Court lacks subject matter jurisdiction over the case because there is not complete diversity among the parties.

### III.   Legal Standard

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.*, 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed. 28 U.S.C. § 1441(b). A federal district court has original jurisdiction if Article III's justiciability requirements are met, *see Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002-05 (9th Cir. 2001), *cert. denied*, 535 U.S. 928 (2002), and the case involves a federal question or diversity of citizenship, *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987). A court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

I. The Court Lacks Diversity Jurisdiction Over this Case

Pursuant to 28 USC § 1332(c)(2) "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Thus, because Ms. Lenz was a resident of a New Mexico facility and Ms. Jensen is her legal representative, Ms. Jensen is considered a resident of New Mexico. Defendants do not dispute this.

The issue here is Ms. Aragon's citizenship for purposes of diversity. Defendants claim that Ms. Aragon should be disregarded as a party because she was improperly named in the state court case.

Defendants also contend that this lawsuit violates the Court's Order in Case No. 21-cv-01182 because the Court in that case retained jurisdiction over Plaintiff's claims and as a result, there is no legal basis for Plaintiff to bring another action against Defendants while that case is still pending. This argument is summarily rejected because it was raised in the context of a timeline that has passed. Specifically, Defendants' response to the instant motion was filed more than a month *before* Judge Riggs granted Plaintiff's motion to voluntarily dismiss under Rule 41 and so at the time Defendants filed the response, that federal case was indeed still pending. In fact, the entire briefing for the motion to remand in this lawsuit was completed before Judge Riggs ruled on Plaintiff's motion to dismiss in Case No. 21-cv-01182, although curiously,

4

neither party has filed any sort of supplement or notice in an attempt to update the briefing.[1] All that remains in 21-cv-01182 is for Judge Riggs to determine the amount of fees and costs fees to be awarded to Defendants for work that cannot be used in subsequent litigation on Plaintiff's claims.

Thus, the federal lawsuit presided over by Judge Riggs is effectively over and this case proceeds on its own. The only question remaining for this case is whether subject matter jurisdiction exists based on diversity. The Court finds that it does not.

Defendants contend that the Court can, and should, ignore Ms. Aragon's citizenship as a nondiverse party because she was improperly named in the state court complaint. The core of their argument is that Ms. Aragon was fraudulently joined in state court, but the Court finds no factual basis for this argument. In order to establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

The Court cannot make a finding that Plaintiff fraudulently joined Ms. Aragon in order to prevent removal and Defendants present no evidence to persuade the Court otherwise. Plaintiff appears to have legitimate claims against Defendant Aragon because she is the Director of Senior Living at the facility where Ms. Lenz resided and is legally obligated to ensure that the Pacifica facility was operated in accordance with New Mexico laws and regulations. *See* NMAC 7.8.2.16 (requiring an administrator, director or operator who is able to "administer, direct and operate an assisted living facility" on a full-time basis). *See* Doc. 18 at 3-4 (offering case law showing that plaintiffs routinely assert claims against staff in healthcare negligence cases). The Court also

---

[1] Plaintiff filed the Motion to Remand on March 10, 2022 (three days after Defendants removed this case to federal court); Defendants filed their response on March 24, 2022 and the reply was filed on April 7, 2022—all before Plaintiffs were allowed to voluntarily dismiss their other federal case on April 18, 2022.

notes that Judge Riggs' denial of Plaintiff's motion to add Ms. Aragon as a party was based on an analysis under federal rules 19 and 15 and a finding that Plaintiff could have added Ms. Aragon as a party at an earlier time in the case had Plaintiff made the appropriate inquiries—it was not based on fraudulent joinder.

Defendants chose not to contest this issue in state court, where it could have filed a motion to dismiss Ms. Aragon and instead immediately removed this case because they a federal forum as much as Plaintiff wants to have it litigated in state court.  Here, however, the Court finds that Defendant Aragon is a nondiverse party and because there is no evidence of fraudulent joinder, subject-matter jurisdiction over this case is lacking.  Accordingly, this case shall be remanded back to state court.

## II.     Remand Fees

Plaintiff contends that Defendants knew they lacked any reasonable basis to remove, and she seeks fees and costs related to Defendants' improper removal of the case.

A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court of the United States has recently clarified the standards governing an award of fees under § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that an award of reasonable fees and costs is appropriate.  As mentioned previously, Defendants do not contest that Ms. Aragon is a citizen of New Mexico.  Therefore,

they know that Ms. Aragon is a nondiverse party. They are fully aware that her presence in this case destroys diversity jurisdiction and that a case removed to federal court with a nondiverse party is wrongfully removed. Defendants presented an argument for fraudulent joinder that is flimsy at best, so Plaintiff will be given the opportunity to file an affidavit outlining the reasonable fees and costs incurred with the removal associated solely with this case, and Defendants may file any objections to the amount requested.

The Court offers no opinion here on whether it approves or disapproves of the parties' strategic maneuvering in these two federal lawsuits, but it cannot help but observe that both Plaintiff and Defendants have reaped the consequences when the maneuvering does not have the intended results. Judge Riggs previously awarded Defendants fees and costs associated with Plaintiff's voluntary dismissal of Case No. 21-cv-1182, Doc. 30 at 4-6, and now this Court finds that circumstances justify a similar outcome for Defendants in removing a case that clearly should not have been removed. The strategies have now been played out and this case will proceed in New Mexico state court. The Court's final resolution is consistent with the relevant federal statutes and case law: a plaintiff is considered to be the "master of the claim" since he or she "may avoid federal jurisdiction by exclusive reliance on state law." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). And in the end, this is exactly what happened.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand and for Attorney Fees for Wrongful Removal **(Doc. 9)** is hereby GRANTED in that:

(1) Plaintiff's request for remand is GRANTED because this Court lacks diversity jurisdiction over the case and finds no evidence of fraudulent joinder of Ms. Aragon; and

7

(2) Plaintiff's request for costs and fees associated with wrongful removal is GRANTED. **Within fourteen (14) days of the entry of this Order**, Plaintiff may file an affidavit outlining the fees and costs incurred in association with Defendants' removal of this lawsuit, Case No. 22-cv-00170 WJ-JFR. **Within fourteen (14) days after Plaintiff files the affidavit**, Defendants may file any objections they have to the amount Plaintiff requests.

(3) Finally, the Clerk of Court shall REMAND this case to the First Judicial District, Santa Fe, New Mexico.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE